IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HENRY MOUNSON, # N-73406, )
)
        Plaintiff, )
)
vs. ) Case No. 13-cv-1192-MJR
)
ROGER E. WALKER, JR., *et al.*, )
)
        Defendants. )

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

        Plaintiff, currently incarcerated at Pontiac Correctional Center ("Pontiac"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was confined at the now-closed Tamms Correctional Center ("Tamms"), between 2005 and 2008. Plaintiff is serving a 35-year sentence for murder as well as shorter sentences for five other felony convictions.

        Plaintiff claims that Defendants were deliberately indifferent to his serious medical condition, and denied him access to mental health therapy at Tamms in violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq*. The actions Plaintiff complains of herein are in many ways the same as those he described in an earlier lawsuit he brought in this Court, *Mounson v. Walker, et al.*, Case No. 08-cv-760-JPG-PMF (S.D. Ill., filed Oct. 30, 2008). The Court shall refer to Case No. 08-760 as "*Mounson I*" in this order.

**Synopsis of *Mounson I***

        In *Mounson I*, Plaintiff claimed that for approximately three years, medical staff at Tamms brushed off his complaints of throat pain, loss of his voice, and vomiting, either

ignoring him or giving him cold medicine. In May 2008, he was finally given an antibiotic for a suspected infection, and sent to an outside hospital for a biopsy. That test led to a diagnosis of throat cancer, and Plaintiff began taking radiation treatments (*Mounson I*, Doc. 1, pp. 5-6; Doc. 6). However, Defendants Caliper, Powers, and mental health staff caused Plaintiff to miss ten of his scheduled treatments (*Mounson I*, Doc. 1, p. 6). This Court found that the allegation that these Defendants intentionally prevented Plaintiff from receiving his prescribed cancer treatment stated an Eighth Amendment claim, and allowed that claim (Count 1 in *Mounson I*) to proceed. The Rehabilitation Act claim (Count 2) in *Mounson I*, however, was dismissed without prejudice on July 16, 2009, in this Court's initial screening order pursuant to 28 U.S.C. § 1915A (Doc. 6 in *Mounson I*).

On February 15, 2011, after Defendants moved for dismissal, Plaintiff's deliberate indifference claim in *Mounson I* was dismissed without prejudice for failure to exhaust administrative remedies (Docs. 145, 146 in *Mounson I*). This Court's disposition of *Mounson I* was affirmed on appeal on November 22, 2011 (Doc. 1, pp. 34-37).

**The Complaint**

In the instant action, Plaintiff seeks to again pursue a deliberate indifference claim related to the treatment of his throat ailment in Tamms, as well as the dismissed Rehabilitation Act claims.[1] His documentation indicates that two grievances which were still pending at the time he filed *Mounson I* were finally exhausted in 2009 (Doc. 1-1, pp. 4, 10), and he received a final denial on another grievance in 2013 (Doc. 1-1, p. 20).

---

[1] Plaintiff names nineteen Defendants herein: Former IDOC Director Roger Walker; former Tamms Wardens Robert Frey, Terry McCann, Joy Merchant, Eddie Jones, and Kenneth Bartley; Assistant Wardens Greg Pattison and Gregory Lambert; Medical Director Dr. Marvin Powers; Health Care Unit Administrator Terry Caliper; Mental Health Staff Kristen Hammersley, Cheryl Couch, Katherine Clover, Cheryl Buetersloh, Wanda Evans, and Dr. Claudia Kachigian; private-practice physicians Dr. David Mann, Dr. Jonathon Johnson, and Dr. Jack Sandford; as well as all Unknown Nurses who worked at Tamms from December 2004 to December 2012.

Many of the facts Plaintiff alleges herein are identical to those in his complaint in *Mounson I* – that he suffered from throat pain, voice loss, and occasional vomiting from 2005 to 2008. The medical staff refused to treat him at times, and gave him cold medication at other times, which did not help him (Doc. 1, pp. 8-9). However, there are some significant differences with respect to the allegations of deliberate indifference to Plaintiff's throat condition when the two complaints are compared. While in *Mounson I*, Plaintiff complained that Defendants first failed to diagnose his throat cancer, and then failed to allow him to obtain the full course of his prescribed radiation treatment, he now claims that the original diagnosis (that he suffered only from a throat infection and not cancer) was correct (Doc. 1, pp. 8-9).

Specifically, Plaintiff asserts that Dr. David (who is not a Defendant herein) saw him on May 2, 2008, and prescribed an antibiotic for his throat ailment. Plaintiff took this medicine for two weeks, but he continued to have symptoms and was seen again by Dr. David. Plaintiff was then sent to a throat specialist (Defendant Mann) for a chest scan, and about a week later went for a biopsy at Herrin Hospital.[2]

After the biopsy, a nurse at the hospital told Plaintiff he had a throat infection. The next day, Defendant Powers (the Tamms physician and Medical Director) also told Plaintiff he had a throat infection (Doc. 1, p. 8). However, two days later, on June 30, 2008, Defendants Powers and Caliper (Tamms Health Care Unit Administrator) "told [him] a lie" that he had throat cancer (Doc. 1, p. 9). Plaintiff alleges that on June 26, 2008, the throat specialist "first accurately diagnosed [him] with a throat infection." *Id*. However, "after conspiring with Defendants Caliper and Powers, Dr. Mann changed his correct diagnosis from a throat infection

---

[2] Plaintiff attaches Defendant Mann's June 26, 2008, report from the biopsy procedure, indicating that the doctor was "not sure" of the cause of Plaintiff's throat lesion, and he sent some of Plaintiff's throat tissue for culturing (Doc. 1, p. 38). Also included is the July 1, 2008, post-biopsy report, in which Defendant Mann diagnosed Plaintiff with squamous cell carcinoma and recommended radiation therapy (Doc. 1, p. 40).

to cancer" (Doc. 1, pp. 9, 25). These Defendants then subjected Plaintiff to "dangerous unnecessary radiation therapy by [Defendant] Dr. Jack Sandford and his staff, who intentionally gave [him] over doses of radiation burning 2 holes into [his] throat" (Doc. 1, p. 9). Further, Defendant Nurse Kerr "refused to note the burnt condition of [Plaintiff's] neck from the over-doses of radiation treatment." *Id*.

During Plaintiff's course of radiation therapy (between 7/15/08 and 9/11/08), Defendants Caliper and Powers "ordered security and nursing and mental health staff to start mistreating" him, "so much so [that he] started refusing to go on a few radiation treatment[s], lucky for [him] too, cause they surely were trying to kill [him] by radiation over doses." (Doc. 1, pp. 9-10). In contrast, in *Mounson I*, Plaintiff claimed that the Defendants prevented him from taking all the radiation treatments, and then falsified his records to state that Plaintiff had refused ten treatments (*Mounson I*, Doc. 1, p. 6).

Turning to Plaintiff's Rehabilitation Act claim, his factual allegations are virtually identical to those in the complaint in *Mounson I*. He claims to suffer from unspecified "mental illnesses or disorders" and complains that the Defendants are continuing to discriminate against him by not allowing him to participate in therapy sessions at Tamms due to his mental illness (Doc. 1, p. 10).[3] This discrimination exacerbated his mental illnesses/disorders.

In addition, Plaintiff includes several pages of arguments taking issue with this Court's handling of *Mounson I* (Doc. 1, pp. 13-16). He also submits a number of documents which were previously filed in that case or in his appeal (Doc. 1, pp. 17-24).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the

---

[3] Plaintiff uses the present tense to describe continuing discrimination by these Defendants, despite the fact that Tamms has been closed since January 2013, and Plaintiff has been incarcerated elsewhere since that time.

complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. After fully considering the allegations in Plaintiff's complaint, the Court concludes that the claim for deliberate indifference to medical needs (Count 1) is frivolous. Further, Plaintiff fails to state a claim upon which relief may be granted for a violation of the Rehabilitation Act (Count 2). Therefore, this action shall be summarily dismissed.

**Count 1- Deliberate Indifference to Serious Medical Needs**

In *Mounson I*, after screening the complaint pursuant to § 1915A, this Court permitted Plaintiff to pursue his claim of deliberate indifference to his need for treatment of throat cancer, based on his allegation that Defendants Caliper and Powers prevented him from completing his course of radiation therapy. The entire premise of that claim rested upon Plaintiff's verified statements that he was diagnosed with throat cancer, was told he would have a good chance of recovery if he took the full course of 37 radiation treatments, but was prevented from receiving that treatment by the Defendants. Now, however, Plaintiff has done an about-face and asserts that the cancer diagnosis was a lie, cooked up by Defendants Caliper and Powers in order to attempt to kill him with unnecessary radiation treatments. Plaintiff cannot have it both ways.

"A judicial admission is a statement, normally in a pleading, that negates a factual claim that the party making the statement might have made or considered making." *Robinson v. McNeil Consumer Healthcare*, 615 F.3d 861, 872 (7th Cir. 2010). Plaintiff's claim in *Mounson I* that the Defendants interfered with his cancer treatment qualified as a judicial admission in that case. His new complaint directly contradicts both the assertion that Plaintiff suffered from cancer, and his claim that the Defendants stopped him from receiving necessary treatment – he

now admits that he refused the radiation treatments of his own volition (although he claims that Defendants' "mistreatment" led to his decision to refuse the radiation sessions). Even more critical, Plaintiff now seeks to recover damages from the Defendants for subjecting him to dangerous, harmful, and unnecessary radiation treatment – the very same treatment which he claimed they had wrongfully denied him in *Mounson I*. The Court is therefore faced with two contradictory judicial admissions submitted by Plaintiff; his statements in the new complaint negate his claims in *Mounson I* against the same Defendants. For this reason alone, Count 1 cannot survive § 1915A review. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's conflicting factual assertions regarding his medical condition and treatment render the instant claim frivolous.

Furthermore, the essence of Plaintiff's new theory of recovery is that Defendants Powers, Caliper, and Mann misdiagnosed his condition as cancer, when in fact (he now claims) he suffered only from a throat infection. A mistaken diagnosis, as well as the rendering of unnecessary treatment, may be malpractice or negligence, but does not amount to deliberate indifference. "A prisoner's claim for deliberate indifference must establish (1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition. Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk." *Gomez v. Randle,* 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). The Tamms medical providers sent Plaintiff for the biopsy and other tests in an effort to diagnose his throat condition, and then provided cancer treatment as recommended by the outside specialist after the diagnosis was made. These facts do not demonstrate deliberate indifference,

but instead show that the Defendants took action to mitigate the risk that Plaintiff might suffer severe harm or death from throat cancer.

An inmate's mere dissatisfaction with the medical care he receives in prison does not state a constitutional claim for deliberate indifference to medical needs, even if the quality of care was substandard to the point of negligence or malpractice. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a difference of opinion between medical professionals concerning the treatment of an inmate will not support a claim for deliberate indifference. *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006); *see also Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001). Here, the difference of opinion is between Plaintiff, who gives no indication that he has any professional medical training, and his medical providers: Defendant physicians Mann and Powers and Defendant nurse Caliper. The instant complaint fails to suggest that Plaintiff's constitutional right to receive adequate medical care was violated by any Defendant. For these reasons, Count 1 shall be dismissed with prejudice.

**Count 2 – Rehabilitation Act**

Plaintiff's claim that the Defendants denied him access to mental health therapy because he suffered from a mental illness or disability suffers from the same deficiencies that led this Court to dismiss this claim in *Mounson I*. The Rehabilitation Act prohibits discrimination on the basis of disability in programs conducted by federal agencies or which receive federal financial assistance. The Rehabilitation Act applies to state prisons, *Stanley v. Litscher*, 213 F.3d

340, 343 (7th Cir. 2000), and Congress has abrogated state immunity to suit under it. 42 U.S.C. § 2000d-7. To state a claim under the Rehabilitation Act, however, Plaintiff must allege: (1) he is handicapped under the Act; (2) he is otherwise qualified for the benefit sought; (3) he was discriminated against solely by reason of his handicap; and (4) the program or activity in question receives federal financial assistance. *Grzan v. Charter Hosp. of Nw. Ind.*, 104 F.3d 116, 119 (7th Cir. 1997).

Again, Plaintiff's complaint does not contain sufficient facts to indicate that he is an "individual with a disability" as defined in 29 U.S.C. § 705(20).

> Except as otherwise provided in subparagraph (B), the term "individual with a disability" means any individual who–
> (i) has a physical or mental impairment which for such individual constitutes or results in a substantial impediment to employment; and
> (ii) can benefit in terms of an employment outcome from vocational rehabilitation services provided pursuant to subchapter I, III, or VI of this chapter [29 U.S.C.A. §§ 720 et seq., 771 et seq., or 795 et seq.].

29 U.S.C. § 705(20). Plaintiff does not describe or name his alleged mental illness or disability, or indicate how it might result in a substantial impediment to employment, but merely concludes that he has some unspecified mental "illness or disorder." This bare assertion is too sketchy to form the basis of a claim under the Rehabilitation Act. Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Plaintiff's original Rehabilitation Act claim in *Mounson I* was dismissed without prejudice because his pleading was equally sketchy and conclusory. Instead of attempting to rewrite his claim to provide additional factual support, Plaintiff has merely re-submitted the same statement that this Court already advised him was inadequate to pass threshold scrutiny under § 1915A. This claim shall again be dismissed. However, in light of the particular history of

Plaintiff's attempts to pursue this claim in this Court, the dismissal shall be with prejudice.

**Pending Motions**

Plaintiff's motions for leave to proceed *in forma pauperis* ("IFP") (Docs. 3 and 10) shall be addressed in a separate order. Plaintiff has yet to comply with this Court's Order (Doc. 9) to provide the full six months of his prison Trust Fund Account records, covering the period from 4/1/2013 to 10/23/2013, no later than January 10, 2014.

The motion for recruitment of counsel (Doc. 5) is **DENIED AS MOOT.**

Finally, the motion for free transcript of Case No. 08-cv-760-JPG-PMF (contained in Doc. 10) is **DENIED.** Even when a litigant has been granted leave to proceed *in forma pauperis*, fees for photocopies are not among the fees that are waivable pursuant to 28 U.S.C. § 1915. *See Robinson v. Miscellaneous*, No. 09C0148, 2009 WL 1649697, at *4 (E.D. Wis. June 11, 2009); *In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990). Copies of court documents are available at a cost of $.50 per page, which must be prepaid. *See* 28 U.S.C. § 1914(b). Should Plaintiff wish to order a copy of the Court's docket sheet for Case No. 08-760, the fee shall be $12.50 for 25 pages.

**Disposition**

For the reasons stated above, this action is **DISMISSED with prejudice.** **COUNT 1** is dismissed as frivolous, and **COUNT 2** is dismissed for failure to state a claim upon which relief may be granted.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains

due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: December 11, 2013**

s/ MICHAEL J. REAGAN
United States District Judge